IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEAH CROWE,

        Plaintiff,                          No. CIV S-07-2529 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.                    <u>ORDER</u>
_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will grant plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand for immediate payment of benefits.

/////
/////
/////
/////
/////

1

I. Factual and Procedural Background

In a decision dated March 16, 2005, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of anxiety and affective disorder and substance abuse history but these impairments do not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff has the residual functional capacity to perform medium work that does not involve frequent interaction with the general public or stressful environments; plaintiff can perform her past relevant work as a home housekeeper or caregiver; and plaintiff is not disabled. Administrative Transcript ("AT") 42-43.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

Plaintiff contends, among other arguments, that the ALJ improperly rejected the opinions of treating physicians and improperly discredited plaintiff.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

Plaintiff contends the ALJ improperly rejected the opinions of her treating physicians, Drs. Hicks, Hess and Wadman. Plaintiff's position with respect to the ALJ's treatment of these record medical opinions is well-taken and dispositive of the matter.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

In a vocational health statement dated October 26, 2001, plaintiff's treating psychiatric provider, Dr. Hicks, opined that plaintiff would be disabled due to bipolar disorder from October 26, 2001 to October 26, 2002. AT 155. The ALJ discounted this opinion as "only a prediction of the future" that was not borne out by the medical evidence. AT 41. The court finds the ALJ's reasons do not meet the standards set forth above, as explained below.

/////

4

The state agency physician offered an opinion contradictory to Dr. Hicks', dated March 19, 2002. That opinion, however, was also a prospective opinion, based on the expectation that plaintiff's mental condition would improve by October 2002. AT 189, 191, 196, 202. Review of the medical records demonstrates plaintiff's mental status did not improve. While plaintiff occasionally reported some improvement in her symptoms, the court cannot find that the ALJ's characterization of "quick improvement" with medications and abstinence from alcohol during the time period covered by Dr. Hicks' opinion is supported by the record. AT 291-308.

The ALJ also rejected the opinion of plaintiff's treating physician, Dr. Hess, who opined in July 2004 that due to plaintiff's mental illness, she cannot work more than 20 hours per month. AT 237. In a mental impairment questionnaire dated August 19, 2004, Dr. Hess indicated plaintiff would be absent from work more than four days per month. AT 241. There are no contradictory opinions of record contemporaneous with this opinion. Although Dr. Hess offered detailed symptomatology in support of his opinion, the ALJ rejected this opinion solely on the basis that Dr. Hess also noted plaintiff exhibited "some symptoms compatible with the diagnosis of PTSD" and the ALJ's observation that the records did not support this diagnosis. AT 41, 237, 239. The record, however, includes several references compatible with such a disorder. AT 267, 271, 272, 281. The ALJ's rejection of Dr. Hess's opinion on the basis cited is neither clear nor convincing.

Similarly, the ALJ rejected treating physician Dr. Wadman's opinions regarding plaintiff's limitations as unsupported by the record. AT 38-39. As did Dr. Hess, Dr. Wadman opined in October 2004 that plaintiff would miss more than four days of work per month due to her mental illness and offered several signs and symptoms in support of the assessment. AT 380-383. Contrary to the ALJ's suggestion that Dr. Wadman's assessment was based on just a few visits, the record indicates that Dr. Wadman had access to the complete records from Siskiyou County Behavioral Health, covering an extended period from June 2001 to July 24, 2003 as well

as impressions from several face-to-face visits in 2004. AT 157-172, 267-285, 286-288, 289-313, 380, 385-389. Review of these records demonstrates that the ALJ mischaracterized the record in concluding there was no evidentiary support for Dr. Wadman's opinions. See particularly AT 287, 288, 300, 508, 509 (evidence regarding auditory hallucinations); AT 163, 165, 167, 168, 249, 250, 289, 292, 297, 299, 302, 309 (evidence regarding compliance with prescribed medications). The ALJ thus improperly rejected Dr. Wadman's opinion.

The remaining question is whether to remand this case to the ALJ or to order the payment of benefits. "The decision whether to remand the case for additional evidence or simply to award benefits is within the discretion of the court." Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985). Generally, the court will direct the award of benefits "in cases where no useful purpose would be served by further administrative proceedings or where the record has been thoroughly developed." Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1399 (9th Cir. 1987).

In this case, plaintiff's treating physicians opined that plaintiff was disabled due to mental illness, limited to twenty hours of work per month and her impairments would cause absence from work more than four days per month. AT 237, 241, 383. The ALJ improperly rejected these opinions. Where the ALJ "fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, [the court] credit[s] that opinion as a matter of law." Lester v. Chater, 81 F.3d 821, 834 (9th Cir.1995). The vocational expert testified that with the limitations identified by the treating physicians, plaintiff would be precluded from competitive employment. AT 523-525; see also SSR 96-8p.[2] No further development of the record is required in this matter.

/////

---

[2] SSR 96-8p provides, in pertinent part: "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."

6

For the foregoing reasons, the court will remand this matter under sentence four of 42 U.S.C. § 405(g) for immediate payment of benefits.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is granted.
2. The Commissioner's cross-motion for summary judgment is denied.
3. This action is remanded to the Commissioner for immediate payment of benefits.

DATED: March 30, 2009.

_____
U.S. MAGISTRATE JUDGE

006
crowe.ss