IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEAH CROWE,

      Plaintiff,                              No. CIV S-07-2529 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.                       ORDER

/

          Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court. Plaintiff seeks fees based on 5.5 hours in 2007 at the rate of $166.64 per hour for attorney time and 31.1 hours in 2008-2009 at the rate of $168.78 per hour, and costs in the amount of $17.82, for a total amount of $6,150.18. No opposition has been filed.

          A.  <u>Substantial Justification</u>

          The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action. An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993). In this

1

1 case, the matter was remanded for immediate payment of benefits by order of the court on cross-
2 motions for summary judgment. See Order filed March 30, 2009. Plaintiff thus is entitled to an
3 award of fees under the EAJA. The court must allow the fee award unless it finds that the
4 position of the United States was substantially justified. Flores v. Shalala, 49 F.3d 562, 568-69
5 (9th Cir. 1995).

6       The burden of establishing substantial justification is on the government. Gutierrez
7 v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the
8 Supreme Court defined "substantial justification" as

> 'justified in substance or in the main'—that is, justified to a degree
> that could satisfy a reasonable person. That is no different from the
> 'reasonable basis in both law and fact' formulation adopted by the
> Ninth Circuit and the vast majority of other Courts of Appeals that
> have addressed this issue.

12 Id. at 565. A position does not have to be correct to be substantially justified. Id. at 566 n.2; see
13 also Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds,
14 Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th
15 Cir. 2002).

16       In determining substantial justification, the court reviews both the underlying
17 governmental action being defended in the litigation and the positions taken by the government
18 in the litigation itself. Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on
19 other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). Where the underlying government
20 action was not substantially justified, it is unnecessary to determine whether the government's
21 litigation position was substantially justified. Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir.
22 1988).

23       In reviewing the transcript, briefing on the cross-motions for summary judgment
24 and order granting remand in this case, the court has determined defendant's position had no
25 reasonable basis in either law or fact. The ALJ improperly rejected the opinions of treating
26 /////

1  physicians with no basis in the record for so doing.  The government's position thus was not
2  substantially justified and fees under the EAJA therefore will be awarded.
3         B.  Reasonable Fee
4         The EAJA directs the court to award a reasonable fee.  In determining whether a
5  fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the
6  results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart,
7  461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).  The court has scrutinized
8  closely the hours claimed by counsel and finds no reason to believe they are inflated.  The matter
9  was remanded for immediate payment of benefits.  Counsel therefore will be paid for the claimed
10 hours of attorney time spent in the prosecution of this action.
11        Accordingly,  IT IS HEREBY ORDERED that fees pursuant to the EAJA are
12 awarded to plaintiff in the amount of $6,150.18.
13 DATED: September 25, 2009.

_____
U.S. MAGISTRATE JUDGE

006
crowe.fee

3